J-S45030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHARLES SHIELDS | : | No. 2991 EDA 2019 |

Appeal from the PCRA Order Entered September 19, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0001484-2013.

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

JUDGMENT ORDER BY KUNSELMAN, J.:           **FILED JULY 20, 2021**

The Commonwealth of Pennsylvania appeals the order granting the petition filed by Charles Shields pursuant to the Post Conviction Relief Act ("PCRA")[1] which vacated his judgment of sentence and granted him a new trial.  We remanded for the PCRA court to issue a revised Pa.R.A.P. 1925(a) opinion addressing the issues raised in the Commonwealth's Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and explaining the basis for its grant of PCRA relief to Shields.

The PCRA court revised its Pa.R.A.P. 1925(a) opinion to indicate that PCRA relief was granted on multiple bases, including on claims made by Shields that trial counsel and direct appeal counsel were ineffective.  Shields had claimed that his trial counsel was ineffective for (1) not objecting to

_____

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

comments made by the prosecutor during closing argument; and (2) not objecting to the trial court's jury instructions defining an "overt act" as an element of criminal conspiracy. Shields had also claimed that direct appeal counsel was ineffective for not challenging the trial court's admission of prior bad acts evidence. The PCRA court indicated, *inter alia*, that "if direct appeal counsel and trial counsel had objected at the proper times, this court believes that a curative instruction would have been offered. It also becomes clear that these failures of counsel to object could not reasonably have been designed to further [Shields'] interests." PCRA Court Opinion, 4/7/21, at 8.

Importantly, to succeed on an ineffectiveness claim, appellant must demonstrate by the preponderance of the evidence that:

> (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010).

Here, because the PCRA court did not conduct an evidentiary hearing to permit trial counsel and direct appeal counsel to explain the bases for their legal strategies, we cannot determine whether trial counsel had a reasonable basis for not objecting to comments made by the prosecutor during closing argument or to the trial court's jury instructions, or whether direct appeal counsel had a reasonable basis for not challenging the trial court's admission of prior bad acts evidence. Without this critical evidence, it was improper for

- 2 -

the PCRA court to summarily conclude that trial counsel and direct appeal counsel did not have a reasonable basis for their actions.

Additionally, the PCRA court did not address whether there was a reasonable probability that the outcome of the proceedings would have been different had trial counsel made the specified objections and direct appeal counsel had challenged the admission of prior bad acts evidence.

Accordingly, we remand for the PCRA court to conduct an evidentiary hearing to permit the introduction of evidence and testimony relevant to the claims raised by Shields in his PCRA petition.

Order granting PCRA relief vacated.

Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2021